UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| DAVID W. BRANKLE, | : | Case No. 1:09-cv-230 |
| Plaintiff, | : | Chief Judge Susan J. Dlott |
| | : | Magistrate Judge Timothy S. Black |
| vs. | : | |
| UNITED STATES OF AMERICA, | : | |
| Defendant. | : | |

**REPORT AND RECOMMENDATION[1] THAT: (1) THIS CASE BE DISMISSED WITHOUT PREJUDICE PURSUANT TO FED. R. CIV. P. 41(b); AND (2) THIS CASE BE CLOSED**

Plaintiff brings this case *pro se* claiming that the United States Department of Justice, Federal Bureau of Investigation, Stephan D. Madden, Esq., and Stephan D. Madden Co., LPA unlawfully deprived him of property in violation of "Fed. R. Crim. P. 41(g)(3)(a) (Search and Seizure) and 28 U.S.C. § 1355 (Deprivation of Property)." (*See* Doc. 1).

On March 31, 2009, the Court ordered Plaintiff to submit an application and affidavit to proceed without repayment of fees and a certified copy of his trust fund account statement (or institutional equivalent) or pay the full filing fee of $350 within 30 days. *See* 28 U.S.C. §§ 1915(a), (b). (Doc. 3). Plaintiff failed to comply with the Court's order.

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

On May 11, 2009, the Court ordered Plaintiff to show cause in writing, within 15 days of the date of the Order, why the case should not be dismissed for lack of prosecution. (Doc. 6). Grounds for the proposed dismissal included Plaintiff's failure to diligently pursue the prosecution of his case, *see Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991), or to submit to the Court an application and affidavit to proceed without prepayment of fees or pay the full filing fee, *see 28* U.S.C. §§ 1915(a), (b).

Plaintiff has not responded to the Court's order to show cause and has not filed any motion, memorandum, or other papers in this case since April 6, 2009, only one week after he filed his initial pleading.

Although the Court prefers to adjudicate cases on their merits, Plaintiff has engaged in a clear pattern of delay by failing to respond to the Court's order to show cause, by not submitting payment of fees or an application to proceed otherwise, and by not prosecuting his case in any manner since April 6, 2009. (Doc. 4). Plaintiff's clear pattern of delay warrants dismissal of this case pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute. *See Link v. Wabash R.R., 370* U.S. 626, 630-31 (1962); *Jourdan*, 951 F.2d at 110; *Hobson v. Dep't of Treasury*, No. 99-1274, 200 WL 145170 (6th Cir. Feb. 1, 2000).

**IT IS THEREFORE RECOMMENDED THAT** this case be **DISMISSED** without prejudice pursuant to Fed. R. Civ. P. 41(b) and that the matter be **CLOSED**.

Date: June 5, 2009          s/ Timothy S. Black
                            Timothy S. Black
                            United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| DAVID W. BRANKLE, | : | Case No. 1:09-cv-230 |
| | : | |
| Plaintiff, | : | Chief Judge Susan J. Dlott |
| | : | Magistrate Judge Timothy S. Black |
| vs. | : | |
| | : | |
| UNITED STATES OF AMERICA | : | |
| | : | |
| Defendant. | : | |
| | : | |

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report and Recommendation within **10 DAYS** after being served with a copy thereof. That period may be extended by the Court on timely motion by either side for an extension of time. All objections shall specify the portions(s) of the Report and Recommendation objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to an opponent's objections within **10 DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters,* 638 F. 2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).